UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIVERMORE CHAMBER OF COMMERCE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06464-WHO<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 14, 15, 16 |

　　　　Having reviewed plaintiff Robert Lindblad's amended complaint, I hereby DISMISS the complaint for failing to state a claim on which relief may be granted.

　　　　When a plaintiff is proceeding in forma pauperis ("IFP"), as Lindblad is here, the court has a duty to dismiss a case when it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also* Dkt. No. 4 (granting IFP status). Pro se pleadings are liberally construed; however, they still must allege facts sufficient to allow the court to determine whether a claim has been stated. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A court may dismiss a claim as "clearly baseless," including allegations that are "fanciful" or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A court may also dismiss a complaint that is based solely on conclusory allegations or naked assertions without any factual basis, or that is not plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

I dismissed Lindblad's previous complaint on these grounds, but granted him leave to amend and address the deficiencies identified in Magistrate Judge Donna M. Ryu's Report and Recommendation, which I adopted in full. *See* Dkt. Nos. 9, 13. Lindblad failed to do so. Although this iteration of the complaint is shorter, it remains meandering and difficult to understand. *See* Dkt. No. 16. Lindblad alleges 16 claims against defendants including the "China Ministry of Justice," the Livermore Chamber of Commerce, the "Royal Crown of England," and city and county governments in Colorado. *Id*. at 21-25. He summarizes his case as:

> "individuals and government entities were aware the plaintiff would become the wealthiest individual in the world due to his banking trade secrets and found a way to stalk, conduct illegal surveillance, avoided police reports and actions, committed theft on banking ideas, worked with Chinese consultants to steal and implement banking operations, and created a disastrous geo-political environment outside the capitalist and political ideals of the plaintiff that continues to engulf the international community in multiple ways."

*Id*. at 21. But Lindblad has not specified with any clarity the grounds for his purported claims. Instead, the claims are fantastic and implausible. Given Lindblad's prior opportunity to resolve these issues, and failure to do so, it is clear that they cannot be cured by further amendment.

For these reasons, Lindblad's amended complaint is DISMISSED without leave to amend. His other pending motions, to reschedule a Case Management Conference and "to leave access open" to a storage facility, are DISMISSED as moot. *See* Dkt. Nos. 14, 15.

**IT IS SO ORDERED.**

Dated: December 13, 2021



William H. Orrick
United States District Judge